UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  VICTORIA ARENA, Individually and as next of kin of I.R.A, a deceased minor,<br><br>Plaintiff,<br><br>v.<br><br>(1)  TOYOTA MOTOR CORPORATION, a foreign corporation,<br>(2)  TOYOTA MOTOR SALES U.S.A., INC., a Texas Corporation, and<br>(3)  GRACO CHILDREN'S PRODUCTS, INC., a Delaware corporation,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. CIV-24-1248-JD<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Victoria Arena, Individually and on behalf of the Estate of I.R.A., Plaintiff, brings the following claims against Defendants and respectfully states:

### PARTIES

2. Plaintiff, Victoria Arena, Individually and on behalf of the Estate of I.R.A., is a resident of Tecumseh, Oklahoma, which is her true, fixed, and permanent home. Plaintiff is the biological mother of I.R.A., a deceased minor.

3. Defendant, Toyota Motor Corporation, is a foreign corporation with its principal place of business located at One Toyota-Cho, Toyota City, Aichi Prefecture 471,

1

Japan. Toyota Motor Corporation is and, at all relevant times, was doing business in the State of Oklahoma by selling and distributing motor vehicles through a worldwide chain of distribution. Service of process upon this Defendant may be had by serving its designated agent for service of process in accordance with Section 110(e) of the National Traffic and Motor Vehicle Safety Act of 1966 (49 U.S.C. 30164) which requires a foreign manufacturer offering a motor vehicle or motor vehicle equipment for importation into the United States to designate a permanent resident of the United States as its agent upon whom service of notices and processes may be made in administrative and judicial proceedings. In addition, this Defendant may also be served via The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, more commonly called the Hague Service Convention.

4. Defendant, Toyota Motor Sales, U.S.A., Inc., is a Texas Corporation incorporated in the state of Texas with its principal place of business located at 6565 Headquarters Dr., Plano, Texas 75024. Toyota Motor Sales U.S.A., Inc. is and, at all relevant times, was doing business in the State of Oklahoma by selling and distributing motor vehicles through a chain of distribution which sold many thousands of Toyota Corolla vehicles in Oklahoma, including the vehicle involved in the subject occurrence. This Defendant can be served via its registered agent for service in Oklahoma, CT Corporation System, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

5. Defendant, Graco Children's Products, Inc. ("Graco"), is a foreign corporation incorporated in the state of Delaware with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Graco is and, at all

relevant times, was doing business in the State of Oklahoma by selling and distributing its products through a chain of distribution which sold many thousands of products in Oklahoma, including the Graco car seat used by I.R.A. This Defendant can be served via its registered agents for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808; The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801; and/or Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because this controversy is between citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper and convenient in the Western District of Oklahoma because the subject incident occurred in Pottawatomie County, Oklahoma, within this District. Further, I.R.A. was transported to SSM Health St. Anthony Hospital immediately after the accident, where she received treatment for her injuries. SSM Health St. Anthony Hospital is near to this Court in Shawnee, Oklahoma. These treating medical providers will be important witnesses at the trial of this matter. Therefore, the residents of this District have a significant interest in the outcome of this case.

8. Defendants are subject to specific jurisdiction in this Court because they have purposefully availed themselves of the privilege of doing business in Oklahoma by targeting the subject products for sale in Oklahoma, including within this District. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021). The subject

products reached Oklahoma while in the stream of commerce and caused injury to I.R.A. in Oklahoma. Defendants also engaged in a marketing and distribution campaign targeting citizens of Oklahoma and this District for advertisements promoting the sale and use of the subject products in Oklahoma. Defendants, through the use of an orchestrated dealer and sales network, created a system for sales, warranty service, and other customer support in Oklahoma which further targeted Oklahoma as a market for the subject products. Through all of these activities, and other similar related activities, Defendants purposefully availed themselves of the right to do business in Oklahoma. The subject claims arise from or relate to the Defendants' efforts to target Oklahoma. Specific jurisdiction is proper over the Defendants in Oklahoma.

**FACTS**

9. I.R.A. was born on October 19, 2021. Her mother is Victoria Arena.

10. Plaintiff, Victoria Arena, individually purchased a Graco TrioGrow SnugLock 3-in-1 Model # 2160291 convertible car seat for use with her daughter before the subject occurrence. The seat was designated for use as a rear-facing seat for children up to 40 pounds and designated for use as a forward-facing seat for children 22-65 pounds. The seat was accompanied by a manual and other warnings and instructions.

11. Plaintiff purchased a 2021 Toyota Corolla in Tulsa, Oklahoma and it was accompanied by an Owner's Manual which provided information concerning the safe and appropriate use of a child restraint system for child occupants.

12. On April 21, 2024, Ricky Barnes was driving a 2002 Chevrolet Silverado eastbound on State Highway 9 at about 9:16 p.m. in Tecumseh, Pottawatomie County,

Oklahoma when he crossed the center line and collided head on with a 2021 Toyota Corolla, VIN 5YFEPMAE0MP179946, driven by Victoria Goodnight. I.R.A. was seated behind her mother in the 2021 Toyota Corolla, secured in a Graco TrioGrow SnugLock 3-in-1 child restraint system in the second-row outboard position behind the front passenger seat in a forward-facing position. While her mother, Victoria Goodnight, sustained minor, non-capacitating injuries in the accident and was briefly treated and released, I.R.A. was tragically killed. At the time of the subject collision, she was two years old.

13. I.R.A.'s mother followed the instructions in placing her forward-facing in the subject seat. I.R.A. was well within the age, height, and weight instructions to ride either forward-facing or rear-facing in the subject seat as outlined in the instructions provided to Plaintiff Victoria Arena by Defendants Toyota and Graco. The Toyota Corolla's Owner's Manual provided no warning of any risks to young toddlers posed by being forward-facing in a child restraint system. The Toyota Owner's Manual did not include any information to inform the user of the nature and extent of the risk to a young toddler posed by facing forward in a child restraint. Defendant Graco provided no warnings or instructions to inform the user as to why rear-facing was the safest position or that I.R.A. was at greater risk of spinal cord injury if she was facing forward. As a result, I.R.A., just two years old, suffered the exact injury a rear-facing car seat would have prevented and lost her life. Defendants' negligent acts and omissions alleged herein were a proximate cause of the incident which made the basis of this lawsuit and Plaintiff's injuries and damages.

Moreover, the defective warnings and instructions provided with the Toyota Corolla and the Graco child seat were a producing cause of the damages alleged herein.

**MARKETING DEFECT/FAILURE TO WARN CAUSE OF ACTION AGAINST TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES U.S.A., INC.**

14. Plaintiff adopts and re-alleges each paragraph set forth above.

15. At all times material to this action, Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively referred to herein as "Toyota Defendants") authored the warnings and Owner's Manual which accompanied the subject vehicle for sale and use in Oklahoma and throughout the United States.

16. The warnings and instructions accompanying the subject vehicle were unreasonably dangerous and defective. The warnings and instructions accompanying the subject vehicle failed to provide adequate warnings or instructions concerning the safe use of a child car seat inside the vehicle for young toddlers, including I.R.A. In particular, decades of child safety and automotive safety research, including vast amounts of scientific literature from both the medical and automotive communities, has demonstrated there is an enhanced risk of serious injury to toddlers resulting from being positioned in forward-facing car seats, but the Toyota Defendants marketed the subject vehicle without any adequate warning of the danger or providing any instructions for the safe use of car seats in light of this danger. The Toyota Defendants were well aware of this research and knew, or reasonably should have foreseen, the risk of harm to a child at the time it marketed the subject vehicle.

17. Safer alternatively designed warnings and instructions were easily available which would have informed Plaintiff of the nature and extent of the risk to I.R.A. Many other auto manufacturers have provided such warnings. For example, Mercedes warns and instructs parents of the following:

> **Suitable child restraint systems for the transport of children**
>
> Information on the advantage of a rearward-facing child restraint system
>
> Transport a baby in a suitable rearward-facing child restraint system only. It is also preferable to transport a small child in a suitable rearward-facing child restraint system. In this case, the child sits in the opposite direction to the direction of travel and faces backwards.
>
> Babies and small children have comparatively weak neck muscles in relation to the size and weight of their head. The risk of injury to the cervical spine during an accident can be reduced in a rearward-facing child restraint system.

The Genesis warns and instructs parents:



OLMB033041

A rear-facing child seat provides restraint with the seating surface against the back of the child. The harness system holds the child in place, and in an accident, acts to keep the child positioned in the seat and reduce the stress to the neck and spinal cord.

All children under age one must always ride in a rear-facing infant child restraint.

Convertible and 3-in-1 child seats typically have higher height and weight limits for the rear-facing position, allowing you to keep your child rear-facing for a longer period of time.

> Continue to use a rear-facing child seat for as long as your child will fit within the height and weight limits allowed by the child seat manufacturer. It's the best way to keep them safe. Once your child has outgrown the rear-facing child restraint, your child is ready for a forward-facing child restraint with a harness.

Volvo warns and instructs parents:

> ⚠ **WARNING**
> - When not in use, keep the child restraint system secured or remove it from the passenger compartment to help prevent it from injuring passengers in the event of a sudden stop or collision.
> - A small child's head represents a considerable part of its total weight and its neck is still very weak. Volvo recommends that children up to age 4 travel, properly restrained, facing rearward. In addition, Volvo recommends that children should ride rearward facing, properly restrained, as long as possible.

The Hyundai Elantra warns and instructs parents:



With a rearward-facing Child Restraint System, the collision forces are absorbed by its shell instead of the child's body. The shell also supports the system's cradles and protects the head, neck and spine of the child. All children under the age of one year must always ride in a rearward-facing Child Restraint System. Convertible and 3-in-1 Child Restraint Systems typically have higher height and weight limits for the rearward-facing position, allowing you to keep your child rearward-facing for a longer period of time.

Continue using the Child Restraint Systems in the rearward-facing position as long as the child is within the height and weight limits allowed by the Child Restraint System's manufacturer. It's the best way to keep them safe. Once your child has outgrown the rearward-facing Child Restraint System, your child is ready for a forward-facing Child Restraint System with a harness.

18. Plaintiff is entitled to the presumption that a proper warning of these dangers would have been read and heeded. Oklahoma law provides that where a consumer, whose injury the manufacturer should have reasonably foreseen, is injured by a product sold without a required warning, a rebuttable presumption will arise that the consumer would have read any warning provided by the manufacturer, and acted so as to minimize the risks. *Cunningham v. Charles Pfizer & Co.,* 532 P.2d 1377, 1381-82 (Okla.1974)(quoting *Reyes v. Wyeth Laboratories,* 498 F.2d 1264 (5th Cir.), *cert. denied,* 419 U.S. 1096, 95 S.Ct. 687,

42 L.Ed.2d 688 (1974)). *Woulfe v. Eli Lilly & Co.*, 965 F. Supp. 1478, 1483 (E.D. Okla. 1997).

19. The defective warnings and instructions and the Toyota Defendants' failure to adequately warn or instruct associated with the subject vehicle were a producing cause of I.R.A.'s injuries and the damages alleged herein.

**NEGLIGENCE CAUSE OF ACTION AGAINST TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES U.S.A., INC.**

20. Plaintiff adopts and re-alleges each paragraph set forth above.

21. At all times material to this action, Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively referred to herein as "Toyota Defendants") authored the warnings and Owner's Manual which accompanied the subject vehicle for sale and use in Oklahoma and throughout the United States.

22. The Toyota Defendants were negligent for failing to adequately warn United States parents and users of the subject vehicle seat that a toddler would be exposed to greater risk of neck and spinal cord injury if they are facing forward and in failing to instruct parents to keep their child rear facing as long as possible in light of the nature and extent of the risk of harm. The Toyota Defendants were also negligent in the design of the warnings, instructions, and sticker warnings that accompanied the subject vehicle.

23. The Toyota Defendants' negligent acts and omissions alleged herein were a proximate cause of the incident made the basis of this lawsuit and Plaintiff's injuries and damages

## MARKETING DEFECT/FAILURE TO WARN AGAINST GRACO CHILDREN'S PRODUCTS, INC.

24. Plaintiff adopts and re-alleges each paragraph set forth above.

25. At all times material to this action, Graco was in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying child car seats for use in Oklahoma and throughout the United States.

26. The subject car seat was defectively marketed because Graco knew or should have known of a potential risk of enhanced and serious injury to toddlers resulting from being positioned forward-facing in the subject car seat but marketed the car seat without any adequate warning of the nature and extent of the danger or providing any instructions for its safe use given this enhanced risk of injury. The risk of harm associated with the subject car seat arises from its intended or reasonably anticipated use. Graco actually knew or could have reasonably foreseen the risk of harm at the time the car seat was marketed and sold, and the absence of any adequate warnings or instructions rendered the car seat unreasonably dangerous to the Plaintiff's child.

27. Safer alternatively designed warnings and instructions were easily available which would have informed Plaintiff of the nature and extent of the risk to I.R.A. Child seat manufacturers have provided such warnings. For example, Safety First advises parents:

> **Why is rearward-facing travel safest for babies and young children?**
>
> Children travelling forward-facing can be thrown forwards in a head-on collision. That puts stress on the fragile head and neck, which can lead to serious injury.
>
> If your child is travelling rear-facing, the car seat spreads the forces across the whole back, protecting the delicate head and neck. As 70% of accidents are frontal collisions, it's safest for children to travel rearward-facing until their muscles and bones have properly developed.

Britax advises parents:

> **What are the benefits of extended rearward facing travel?**
>
> **Superior protection in a frontal collision**
>
> Car seats are designed to absorb crash forces through the shell of the seat and spread the remaining crash forces away from the child's body. Rearward facing car seats offer the best protection in the event of frontal collisions – the most frequent type of accident on the roads.*
>
> Physics dictates that in the event of a frontal collision, it is safer for a child to travel in a rearward facing car seat as crash forces are directed to the back of the seat, while the remaining energy is spread evenly across the head, neck and upper body. In a frontal collision with a forward facing seat the energy of the impact is distributed differently across the seat structure and restraint system – potentially resulting in more energy impacting on the child's body.

Dorel tells parents:

> The reasoning behind extending the age requirement (that used to be until one year old) is that as scientists study travel safety for kids, they've determined that infants and toddlers are at greater risk for head and spinal cord injuries if they're in a forward-facing car seat. During an accident, the car seat provides better support for their head and neck when in the rear-facing position.

28.     Plaintiff is entitled to the presumption that a proper warning of these dangers would have been read and heeded. Oklahoma law provides that where a consumer, whose injury the manufacturer should have reasonably foreseen, is injured by a product sold without a required warning, a rebuttable presumption will arise that the consumer would have read any warning provided by the manufacturer, and acted so as to minimize the risks.

15

*Cunningham v. Charles Pfizer & Co.,* 532 P.2d 1377, 1381-82 (Okla.1974)(quoting *Reyes v. Wyeth Laboratories,* 498 F.2d 1264 (5th Cir.), *cert. denied,* 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974)). *Woulfe v. Eli Lilly & Co.*, 965 F. Supp. 1478, 1483 (E.D. Okla. 1997).

29. The marketing defect(s) in the subject car seat was a producing cause of the damages alleged herein.

### DESIGN DEFECT CAUSE OF ACTION
### AGAINST GRACO CHILDREN'S PRODUCTS, INC.

30. Plaintiff adopts and realleges each paragraph set forth above.

31. Graco designed the child safety seat involved in the subject accident.

32. It was entirely foreseeable to and well-known by Graco that accidents and incidents involving the subject model car seat, such as occurred herein, would on occasion take place during normal and ordinary use.

33. Graco's subject car seat was not reasonably crashworthy, was unreasonably dangerous and was defective because it resulted in serious bodily injury to toddlers.

34. There were safer alternative designs for the subject car seat that were technologically and economically feasible which would have significantly reduced the likelihood of the subject occurrence and I.R.A.'s untimely death.

35. The defective car seat alleged herein was a producing cause of Plaintiff's damages.

## NEGLIGENCE CAUSE OF ACTION
## AGAINST GRACO CHILDREN'S PRODUCTS, INC.

36. Plaintiff adopts and realleges each paragraph set forth above.

37. Graco was negligent for failing to adequately warn United States parents and users of the subject child seat that a young child would be exposed to greater risk of neck and spinal cord injury if they are facing forward and failing to instruct parents to keep their child rear facing as long as possible because of the nature and extent of the risk and it would increase the safety of the child. Graco was also negligent in the design of the warnings, instructions, and sticker warnings that accompanied and were affixed to the subject child seat.

38. Graco's negligent acts and omissions alleged herein were a proximate cause of the incident made the basis of this lawsuit and I.R.A.'s injuries and resulting death and Plaintiff's damages.

## GROSS NEGLIGENCE CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

39. Plaintiff adopts and re-alleges each paragraph set forth above.

40. Defendants' conduct complained of above constitutes gross negligence. Defendants' conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct constitutes willful and wanton disregard for the rights and safety of vehicle and car seat occupants, including I.R.A.

41. Further, Defendants, by and through their employees and agents, had actual, subjective awareness of the risks to occupants inside the subject vehicle and car seat but proceeded with conscious indifference to the rights, safety, or welfare of such occupants, including I.R.A.

**WRONGFUL DEATH DAMAGE CLAIMS**

42. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

43. As a result of Defendants' acts and omissions, decedent I.R.A. was seriously injured and ultimately lost her life.

44. Plaintiff's decedent, I.R.A., suffered conscious pain and suffering before she died and incurred medical, funeral and burial expenses.

45. Plaintiff claims damages on their own behalf and on behalf all beneficiaries under the Oklahoma Wrongful Death Act consistent with Okla. Stat. Ann. tit. 12, § 1053. Plaintiff claims damages available under the Act, including past and future mental anguish, loss of companionship and society, and pecuniary losses for the wrongful death beneficiaries of the Estate of I.R.A. Plaintiff also claims damages for I.R.A.'s conscious pain and suffering, medical, burial, and funeral expenses associated with the death and burial of I.R.A.

46. Plaintiff seeks exemplary damages against Defendants associated with the gross negligence claims set forth herein.

## BYSTANDER CLAIMS

47. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

48. At the time of the incident made the basis of this lawsuit, Plaintiff Victoria Arena was the mother of I.R.A. Plaintiff Victoria Arena was, therefore, closely related to the victim of the incident in question.

49. Victoria Arena was a bystander to the occurrence in that she was in the vehicle and witnessed her daughter I.R.A and her injuries after the accident.

50. Victoria Arena had a sufficiently contemporaneous perception of the injuries of I.R.A to entitle her to damages as a bystander for her severe mental anguish.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

51. Plaintiff herein claims interest at the maximum legal rate.

## JURY TRIAL DEMAND AND PRAYER

52. Plaintiff requests that a jury be convened to try the factual issues of this case.

53. Plaintiff prays that judgment be entered in their favor against Defendants, jointly and severally, for all damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest at the maximum legal rate, and for such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Michael Burrage*
Reggie N. Whitten, OBA # 9576
Michael Burrage, OBA # 1350
Randa K. Reeves, OBA # 30695
Heather Strohmeyer, OBA # 30745
Dilan A. Lyda, OBA # 34710
Whitten Burrage
512 N. Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:   (405) 516-7800
Facsimile:    (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rreeves@whittenburragelaw.com
hstrohmeyer@whittenburragelaw.com
dlyda@whittenburragelaw.com

-and-

David W. Little, OBA# 14407
LAW OFFICES OF DAVID LITTLE, PC
115 E. California Ave.
Oklahoma City, OK 73104
(405)236-4200 – Telephone
(405)236-4205 – Fax
davidwlittle@msn.com

-and-

Jeffrey T. Embry
State Bar No. 24002052
(Pro Hac Vice Pending)
jeff@hossleyembry.com
Christopher Peirce
State Bar No. 24046604
(Pro Hac Vice Pending)
matt@hossleyembry.com
Margaret C. Pennell
State Bar No. 24116893
(Pro Hac Vice Pending)

20

meg@hossleyembry.com
**HOSSLEY EMBRY, LLP**
515 S. Vine Ave.
Tyler, Texas 75702
Ph. 903-526-1772 f

**ATTORNEYS FOR PLAINTIFF**