# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTORIA ARENA, Individually and as next of kin of I.R.A., a deceased minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-1248-D |
| TOYOTA MOTOR CORPORATION, a foreign corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Compel [Doc. No. 58]. Defendant Toyota Motor Sales, U.S.A., Inc. filed a response [Doc. No. 59], and Plaintiff replied [Doc. No. 60]. The matter is fully briefed and at issue.

## BACKGROUND

This action stems from a head-on car collision in which Plaintiff's two-year-old child, I.R.A., was killed. Plaintiff alleges that the collision was serious, but survivable. Plaintiff further provides that, at the time of the collision, I.R.A. was properly restrained in a Graco forward-facing child seat behind the front passenger seat of Plaintiff's Toyota. Plaintiff alleges that I.R.A.'s head was flung forward while her torso was restrained, resulting in I.R.A.'s broken neck and death.

In this lawsuit, Plaintiff contends that both the Toyota defendants and Graco were aware of the risks associated with restraining toddlers in a forward-facing position. Although "[b]oth Toyota and Graco published a wide variety of materials that described

1

this risk and purported to advocate keeping toddlers rear-facing[,]" the stickers on the Graco child seat provided that a child of I.R.A.'s measurements "could be seated in either mode without any mention of any risks associated with seating forward-facing." [Doc. No. 58, at 2-3]. "Similarly, the Toyota vehicle manual did provide extensive instructions concerning the use of child restraints but did not include any warnings or instructions concerning the importance of keeping a child rear-facing as long as possible." *Id.* at 3. Plaintiff alleges that these warnings and instructions were inadequate because they "failed to provide a warning that [Plaintiff's] daughter would be exposed to the risk of a serious neck injury by facing forward at her young age." *Id.*

In her motion, Plaintiff moves pursuant to FED. R. CIV. P. 37 for an order compelling Defendant Toyota Motor Sales, U.S.A., Inc. (TMS) to respond fully to four requests for production and four interrogatories, addressed below.

## LEGAL STANDARD

Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The considerations that bear on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Thus, relevance for purposes of discovery remains broader than relevance for purposes of trial

admissibility. Discovery is not, however, intended to be a "fishing expedition." *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotations and citation omitted). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. Nov. 17, 2010).

## DISCUSSION

### I.    Request for Production No. 8

Plaintiff's RFP No. 8 sought "all internal memoranda, reports, or presentations discussing the adequacy of warnings or instructions provided to consumers about the risks of forward-facing car seats for toddlers in Toyota vehicles." [Doc. No. 58-2, at 8].

In response, TMS provides that, after a diligent search, it did not identify responsive documents to produce. TMS avers that, because TMS "did not design or developmentally test the Subject Vehicle, and does not design, test, or manufacture [Child Restraint Systems], after a diligent search, it was unable to locate any documents" responsive to RFP No. 8. [Doc. No. 59, at 4].

Plaintiff disputes that TMS does not have any documents responsive to this request because TMS has since offered to produce any responsive documents within the possession and control of two other Toyota entities, Toyota Motor North America, Inc. (TMNA) and Toyota Motor Engineering & Manufacturing North America, Inc. (TEMA). However, on the current record, the Court views TMS' offer as an attempt to resolve a discovery dispute,

3

not as an admission that TMS has additional responsive documents in its possession, custody, or control. As Plaintiff is aware, Plaintiff is also permitted to seek discovery from non-parties such as TMNA and TEMA via document subpoenas. Although the Court prefers that TMS stand by its offer to produce responsive documents in the custody, possession, or control of TMNA and TEMA, and that it does so in a timely manner, Plaintiff has given the Court no reason to doubt TMS' claim that it diligently searched for responsive documents and was unable to locate the same.

## II.    Request for Production Nos. 17, 20, and 23

Plaintiff's RFP No. 17 sought "all internal Toyota documents discussing, approving, or addressing the information provided by the Toyota for Families digital toolkit as described in Exhibit C to these requests for production." [Doc. No. 58-2, at 24]. With RFP No. 20, Plaintiff sought:

> Documents and any communication related to Toyota's participation in or funding of research on child car seat safety, including any collaborations with universities, hospitals, or other institutions. This would include but not be limited to: the University of Massachusetts-Amherst, Children's Hospital of Philadelphia, University of Michigan Transportation Research Institute, Massachusetts Institute of Technology, University of Iowa, Cincinnati Children's Hospital, Safe Kids Worldwide, Safe Ride News, Virginia Tech and Indiana University, and Purdue University Indianapolis.

*Id.* at 29. Finally, RFP No. 23 requested "[a]ll internal emails or communications since 2010 discussing the risks of forward-facing car seats for toddlers and whether such risks should be disclosed to customers." *Id.* at 33.

After the parties met and conferred, TMS supplemented its original responses to both RFP Nos. 17 and 20, stating that TMS was "conducting a search for documents related to" the subject RFPs and would supplement if any such documents were located. [Doc. No. 59, at 5-6]. For RFP No. 23, TMS supplemented its response to confirm that its original search—which did not yield any responsive documents—was not limited to the Toyota model at issue in this litigation. [Doc. No. 59, at 7].

On this point, the Court agrees with Plaintiff that TMS has had ample time to conduct a search for the documents sought in RFP Nos. 17, 20, and 23. Accordingly, within 30 days of this Order, TMS shall produce all documents related to these requests or confirm in writing to Plaintiff that no such documents exist.

### III.    Interrogatories 5, 8, 17, and 18

Plaintiff seeks the following information via Interrogatories 5, 8, 17, and 18:

> **Interrogatory No. 5:** What individuals were responsible for authoring the portion of the subject vehicle's Owner's Manual discussing the installation and use of child restraint systems?

> **Interrogatory No. 8:** Please identify the Toyota employees responsible for Toyota's participation in the Buckle Up for Safety collaboration with the Cincinnati Children's Hospital.

> **Interrogatory No. 17:** Please identify by name and title the Toyota employee(s) who participated on Toyota's behalf in the Buckle Up for Life collaboration with Cincinnati Children's Hospital as described in Exhibit A, C, and D to these Interrogatories.

> **Interrogatory No. 18:** Please identify by name and title the Toyota employee(s) responsible for authoring, reviewing, or approving the social media posts on the Buckle Up for Life social media channels. An example of such a social media post is found at Exhibit B to these Interrogatories.

[Doc. No. 58-8, at 7, 11, 21-22].

In response to Plaintiff's motion to compel, TMS provides that the parties did not meet and confer on any of the foregoing interrogatories, and that prior to Plaintiff's motion to compel, Plaintiff had not indicated to TMS that its responses to these four interrogatories were deficient. *See* LCvR37.1. In the interim, Plaintiff has deposed a corporate representative for Defendant Toyota Motor Corporation about the topics referenced in Interrogatories 5, 8, 17, and 18. Under these circumstances, the Court will deny Plaintiff's motion to compel as to the four interrogatories as premature. The Court is confident that had the parties met and conferred in good faith as to these four interrogatories, the parties could have resolved the issues without Court intervention. Should the parties be unable to resolve this issue after meeting and conferring as to the topics addressed in this motion, Plaintiff may seek Court intervention at that time.

### CONCLUSION

For these reasons, Plaintiff's Motion to Compel [Doc. No. 58] is **GRANTED in part** and **DENIED in part** as set forth herein.

**IT IS SO ORDERED** this 25th day of March, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge