**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VICTORIA ARENA, Individually and as next of kin of I.R.A, a deceased minor, | § § § § | CASE NO. CIV-5:24-1248-D |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § § | |
| TOYOTA MOTOR CORPORATION, a foreign corporation, TOYOTA MOTOR SALES U.S.A., INC., a Texas Corporation, and GRACO CHILDREN'S PRODUCTS, INC., a Delaware Corporation, | § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO**
**EXCLUDE CERTAIN OPINIONS OF MATTHEW MALTESE, Ph.D.**

Graco's opposition asks this Court to do the one thing the 2023 amendment to Rule 702 forbids: treat the reliability of an expert's application of his methods to the facts as a question of weight for the jury rather than a threshold question for the Court. Every section of Graco's brief rests on that premise, and the decisions it cites for it predate the amendment. The amended Rule places the burden on Graco to establish, by a preponderance and on the present record, that Dr. Maltese reliably applied his methods to the facts of this case. Graco has not carried that burden. Its response confirms the defect the motion identified rather than curing it: the variable its own expert's research makes consequential—the gap between the rear-facing restraint and the front seatback—remains

1

undisclosed, and Graco's answer is that the measurement will be produced later. A promise of future disclosure is not proof of present reliability.

## I.    The amended Rule 702 forecloses Graco's "weight, not admissibility" framework—the premise on which its entire opposition rests.

Graco's brief repeats a single proposition in every section: that Plaintiff's objections go to weight rather than admissibility and belong before a jury. Resp. 3–4, 7, 11, 13. For that proposition Graco relies on *Rimes v. MVT Services, LLC* (N.D. Okla. 2020), *Cohen v. Lockwood* (D. Kan. 2004), *Dillon v. Auto-Owners Insurance Co.* (D. Colo. 2015), and *Willis v. Oklahoma County Detention Center* (W.D. Okla. 2022). Resp. 3–4. Each predates December 1, 2023—the date Rule 702 was amended for the express purpose of correcting that approach.

The Advisory Committee was explicit. It explained that many courts had held that "the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility," and that "[t]hese rulings are an incorrect application of Rules 702 and 104(a)." Fed. R. Evid. 702 advisory committee's note to 2023 amendment. The amendment wrote into the text what those courts had overlooked: the proponent must demonstrate that it is more likely than not that the opinion "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(d). The burden is Graco's; the standard is preponderance; and the question is not whether a jury could find Dr. Maltese persuasive, but whether Graco has shown, on this record, that his application of his methods to these facts is reliable.

2

Graco's pre-amendment authorities cannot do the work asked of them, because the rule they construed no longer reads as Graco needs it to read. The motion does not ask the Court to choose between competing experts. It asks the Court to perform the gatekeeping the amended Rule requires—and to decline Graco's invitation to send the reliability question to the jury, which is precisely the move the amendment was written to stop.

II.     **The gap that drives the result remains undisclosed; Graco's declaration confirms the problem rather than curing it.**

The motion's central point was narrow and concrete: Dr. Maltese's own peer-reviewed research identifies the distance between the rear-facing restraint and the front seatback as a variable that strongly influences the neck-tension result, and his report never disclosed the gap he used in his test. Graco answered with a declaration from Dr. Maltese whose stated purpose is to defend that configuration. It runs eleven paragraphs. It still does not state the gap.

Instead, the declaration explains that the "[s]pecific measurements taken of the front passenger seat are included within [Dr. Maltese's] file, which [he] understand[s] will be produced in advance of [his] deposition," and that the test buck "is available for inspection and measurement." Maltese Decl. ¶ 3. That is a discovery answer to a reliability question. Under amended Rule 702(d), the proponent must demonstrate reliable application on the record before the Court—not promise to supply later the very input its own expert's research makes decisive. The opinion either rests on a disclosed, reliable foundation now or it does not.

Graco's new energy-scaling argument does not fill that gap; it underscores it. For the first time, Dr. Maltese declares that any extrapolation from his 2024 paper to this crash is "invalid" because the subject collision involved substantially greater kinetic energy than the 30-to-35 mph tests in his paper, such that the published reductions may not "apply identically" at this severity. Maltese Decl. ¶ 4; Resp. 8. That contention concedes the premise that matters: the gap affects the result, and the magnitude of its effect at this crash severity is unknown on this record. Dr. Maltese ran a single test, at a single undisclosed gap, and reported a point estimate—with no error band, no sensitivity analysis, and no replication at any other gap or severity. An expert does not establish reliable application by withholding the measurement his own research identifies as influential, then asserting its influence cannot be quantified. That is not a dispute cross-examination cures at trial; it is the absence of the data that would make the opinion reliable in the first place. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (a court need not admit an opinion connected to the data "only by the ipse dixit of the expert").

### III.   The counterfactual still lacks the comparison it requires.

Opinion 8 is a comparative counterfactual—that rear-facing would have been fatal too. Graco now answers that "the baseline is the accident itself." Resp. 9; Maltese Decl. ¶ 5. But the accident establishes only that forward-facing was fatal. It does not supply the magnitude of the forward-facing cervical load against which the rear-facing measurement must be compared to sustain the opinion that rear-facing would have been equally fatal in this crash. Dr. Maltese compared his rear-facing result to a generic reference value, not to

the forward-facing loads that actually killed I.A. To measure a rear-facing number against a generic threshold while treating the fatal accident as its own baseline is to assume the very proposition Opinion 8 is offered to prove. That is the analytical gap *Joiner* describes— not a question for the jury, but the absence of the comparison the opinion presupposes. That Plaintiff's experts conducted their own testing, Resp. 9, does not relieve Graco of its burden as to the opinion it offers.

## IV.     Pointing at Plaintiff's expert does not discharge Graco's burden.

Graco's remaining argument is that Plaintiff's expert relied on testing that used a smaller dummy, so Plaintiff cannot question Dr. Maltese's use of the Q1.5. Resp. 12–13; Maltese Decl. ¶ 11. Whether another expert's reliance is sound is the subject of a separate motion; it has no bearing on whether Graco has shown that Dr. Maltese's opinion satisfies Rule 702. The proponent's burden is not discharged by pointing across the aisle. The reliability of Dr. Maltese's opinion stands or falls on its own foundation, and Graco has not carried its burden to establish it.

## CONCLUSION

Graco's opposition was its opportunity to demonstrate, by a preponderance and on the present record, that Dr. Maltese reliably applied his methods to the facts of this case. It instead rests on a "weight, not admissibility" framework the amended Rule forecloses, and defends the result with a declaration that still does not disclose the gap. Under Rule 702 as amended, those are admissibility failures, not jury questions. Plaintiff respectfully requests that the Court exclude Opinion 8 and the opinions that depend upon it.

Respectfully submitted,

*/s/ Jeffrey T. Embry*
Reggie N. Whitten, OBA # 9576
Michael Burrage, OBA # 1350
Randa K. Reeves, OBA # 30695
Heather Strohmeyer, OBA # 30745
Dilan A. Lyda, OBA # 34710
WHITTEN BURRAGE
512 N. Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:     (405) 516-7800
Facsimile:     (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rreeves@whittenburragelaw.com
hstrohmeyer@whittenburragelaw.com
dlyda@whittenburragelaw.com

-and-

David W. Little, OBA# 14407
LAW OFFICES OF DAVID LITTLE, PC
115 E. California Ave.
Oklahoma City, OK 73104
(405)236-4200 – Telephone
(405)236-4205 – Fax
davidwlittle@msn.com

-and-

Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Christopher Peirce
State Bar No. 24046604
cpeirce@hossleyembry.com
Margaret C. Pennell
State Bar No. 24116893
meg@hossleyembry.com
**HOSSLEY EMBRY, LLP**
515 S. Vine Ave.

6

Tyler, Texas 75702
Phone:  903-526-1772

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, I filed the attached document with the Clerk of Court, and all Counsel of Record were served via the Court's ECF system and directly via email.

/s/ *Jeffrey T. Embry*
Jeffrey T. Embry

7