**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| VICTORIA ARENA, Individually and as next of kin of I.R.A, a deceased minor, | § § § § | CASE NO. CIV-5:24-1248-D |
| Plaintiff, | § § | |
| v. | § § | |
| TOYOTA MOTOR CORPORATION, a foreign corporation, TOYOTA MOTOR SALES U.S.A., INC., a Texas Corporation, and GRACO CHILDREN'S PRODUCTS, INC., a Delaware Corporation, | § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO**
**EXCLUDETHE TESTIMONY OF MARK SOCHOR, M.D., M.S.**

Graco's response defends Dr. Sochor's causation opinion on a legal framework the 2023 amendment to Rule 702 forecloses, and on a record that confirms the motion's reliability points rather than curing them. The variable Dr. Maltese's own research makes decisive—the gap between the rear-facing restraint and the front seatback—is visible in Dr. Sochor's own test photographs and was never measured. And the opinion remains a comparison with only one side measured. The burden is Graco's, by a preponderance and on the present record, to show that Dr. Sochor reliably applied his methods to the facts of this case. It is not carried.

**I.    The amended Rule 702 forecloses Graco's "weight, not admissibility" framework.**

1

Graco's reliability argument reduces to a single refrain—that Plaintiff's objections go to weight rather than admissibility and belong before a jury on cross-examination. Resp. 4, 8, 14. For that proposition Graco relies on *Rimes v. MVT Services, LLC* (N.D. Okla. 2020), *Cohen v. Lockwood* (D. Kan. 2004), and *Willis v. Oklahoma County Detention Center* (W.D. Okla. 2022). Resp. 4. Each predates December 1, 2023—the date Rule 702 was amended for the express purpose of correcting that approach.

The Advisory Committee was explicit: many courts had wrongly treated "the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, [as] questions of weight and not admissibility," and "[t]hese rulings are an incorrect application of Rules 702 and 104(a)." Fed. R. Evid. 702 advisory committee's note to 2023 amendment. The amended Rule requires the proponent to demonstrate that it is more likely than not that the opinion "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(d). The burden is Graco's, and the standard is preponderance.

Graco's pre-amendment authorities cannot carry the weight it places on them, because the rule they construed no longer reads as Graco needs it to read. The motion does not ask the Court to weigh Dr. Sochor against a competing expert. It asks the Court to perform the gatekeeping the amended Rule requires.

## II.     The gap that drove the result is visible in Dr. Sochor's own photographs and was never measured.

2

Dr. Maltese—Graco's own biomechanist and the co-author of the only published study either side cites on the question—identifies the distance between the rear-facing restraint and the front seatback as the variable that drives upper-neck tension. Dr. Sochor's own test photographs show a gap between the restraint and the seatback. Sochor Rep., Figs. 32–34. That gap was never measured, reported, or controlled. An opinion that turns on a variable, drawn from a test in which the variable was left unmeasured, is not a reliable application of method to fact; it is an application the record cannot evaluate.

Graco's answer is that a surrogate study established where the front seat was positioned. Resp. 9; Maltese Decl. ¶ 3. But establishing the seat position is a different exercise from disclosing the gap used in the test and the neck force that gap produced— and Dr. Maltese's seat-position measurements, by his own account, will be produced only "in advance of [his] deposition." Maltese Decl. ¶ 3. Graco thus asks the Court to admit a gap-dependent opinion while withholding the gap, and without testing the touching or braced configuration the family's deposition testimony describes. Under Rule 702(d), the proponent must establish reliable application on the record before the Court. A measurement promised for later is not that showing.

## III.    The opinion is comparative, but only one side of the comparison was measured.

Dr. Sochor's opinion is a counterfactual—that rear-facing would have been fatal too. Graco answers that the accident is the baseline: I.A. was forward-facing and died, so a forward-facing test "would do nothing more than confirm what the parties already know." Resp. 10; Maltese Decl. ¶ 5. But that confirms only that forward-facing was fatal. It does

not supply the magnitude of the forward-facing cervical load against which the rear-facing result must be measured to sustain the opinion that rear-facing would have been equally fatal in this crash. Dr. Sochor measured a rear-facing force and compared it to an abstract reference value, not to the forward-facing forces that actually killed I.A. Comparing a test result to a generic threshold while treating the fatal accident as its own baseline assumes the very proposition the opinion is offered to prove—the analytical gap that permits exclusion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## CONCLUSION

Graco's opposition was its opportunity to show, by a preponderance and on the present record, that Dr. Sochor reliably applied his methods to the facts of this case. It instead rests on a "weight, not admissibility" framework the amended Rule forecloses, defends a result that turns on a gap its own expert's photographs document but never measured, and offers a one-sided comparison in place of the comparative proof its conclusion requires. Under Rule 702 as amended, those are admissibility failures, not jury questions. Plaintiff respectfully requests that the Court exclude the causation opinions of Dr. Mark Sochor.

Respectfully submitted,

*/s/ Jeffrey T. Embry*
Reggie N. Whitten, OBA # 9576
Michael Burrage, OBA # 1350
Randa K. Reeves, OBA # 30695
Heather Strohmeyer, OBA # 30745
Dilan A. Lyda, OBA # 34710
WHITTEN BURRAGE

512 N. Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:    (405) 516-7800
Facsimile:     (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rreeves@whittenburragelaw.com
hstrohmeyer@whittenburragelaw.com
dlyda@whittenburragelaw.com

-and-

David W. Little, OBA# 14407
LAW OFFICES OF DAVID LITTLE, PC
115 E. California Ave.
Oklahoma City, OK 73104
(405)236-4200 – Telephone
(405)236-4205 – Fax
davidwlittle@msn.com

-and-

Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Christopher Peirce
State Bar No. 24046604
cpeirce@hossleyembry.com
Margaret C. Pennell
State Bar No. 24116893
meg@hossleyembry.com
**HOSSLEY EMBRY, LLP**
515 S. Vine Ave.
Tyler, Texas 75702
Phone:  903-526-1772

**ATTORNEYS FOR PLAINTIFF**

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2026, I filed the attached document with the Clerk of Court, and all Counsel of Record were served via the Court's ECF system and directly via email.

*/s/ Jeffrey T. Embry*
Jeffrey T. Embry
