# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

VICTORIA ARENA,
Individually, and as next of kin of
I.R.A., a deceased minor,

      Plaintiff,

v.

TOYOTA MOTOR CORPORATION,
a foreign corporation;
TOYOTA MOTOR SALES, U.S.A., INC.,
a Texas corporation, and
GRACO CHILDREN'S PRODUCTS, INC.,
a Delaware corporation,

      Defendants.

Case No. 5:24-cv-01248-D

## TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Toyota[1] files this Reply Brief In Support of Motion for Summary Judgment, ECF No. 66 (the "Motion" or "Mot."). In her Response In Opposition to the Motion, ECF No. 95 (the "Response" or "Resp."), Plaintiff concedes that the Corolla did not cause I.R.A.'s death but contends she should be able to sue Toyota for failure to warn anyway. The Court should reject this argument. Oklahoma sensibly limits liability in a failure to warn case by requiring proof of direct causation; else, injured plaintiffs would be able to sue not just the manufacturer of the injury-causing product, but **any** manufacturer who did not warn of alleged dangers of that product. Plaintiff concedes that "the **only** component of the Corolla[] that did not perform is the Owner's Manual[.]" Resp. at 18 (emphasis added).

---

[1] Terms previously defined in the Motion are utilized with the same definition herein.

But Plaintiff must show that the manual **and** the Corolla caused her injury. She has not

done so, and for that reason, the Court should enter judgment in Toyota's favor.

**I. The Court Should Enter Judgment for Toyota on Plaintiff's Strict Liability Claim**

    A. <u>Plaintiff Does Not Contest that She Must Prove Direct Causation for Toyota to Be Strictly Liable</u>

More important than the arguments contained in Plaintiff's Response are those

missing from it. Nowhere in the Response does Plaintiff tackle the cases cited by Toyota

holding that she "must establish **both** that injury was caused by the product **and** by a failure

to warn[.]." *Tortorelli v. Mercy Health Ctr., Inc.*, 2010 OK CIV APP 105, ¶ 17 (emphasis

added). Nowhere does Plaintiff present evidence that, as to Toyota, I.R.A.'s injury was

caused by anything other than a failure to warn. Rather, Plaintiff admits that "the only

component of the Corolla's occupant-protection system that did not perform is the Owner's

Manual[.]" Resp. at 18. Oklahoma law requires a plaintiff to establish direct and proximate

cause to hold a manufacturer strictly liable for failure to warn. Mot. at 14. Plaintiff cites at

least two cases in her Response that echo this proposition. *See infra.* Because Plaintiff does

not contest that she must show that the Corolla **and** its manual injured I.R.A., and Plaintiff

concedes only the manual injured I.R.A., the Court should grant the Motion.

    B. <u>That an Inadequately-Warned Product Can Be Defective is Inapposite to the Motion</u>

Plaintiff cites a litany of cases for the unremarkable proposition that the "failure to

warn **is** the defect." *See* Mot. at 11-12 (emphasis in original). Toyota does not dispute that

a failure to warn can make a product defective. Toyota does dispute that defect is the only

element Plaintiff must prove. Rather, Plaintiff must also prove that the product lacking the warning directly caused her injury. *See* Mot. at 14. And here, Plaintiff has not. *Id.* at 14-18.

The cases cited by Plaintiff support Toyota's position because in all of them, the inadequately warned products **and** their warnings allegedly caused injury. *See Smith v. U.S. Gypsum Co.,* 1980 OK 33, ¶¶ 1-4 (the plaintiff contended he was injured by Wall-lite **and** its warnings); *McPhail v. Deere & Co.*, 529 F.3d 947, 949-50 (10th Cir. 2008) (the plaintiff contended the decedent was killed by a tractor **and** its warnings); *A.H. ex rel. Hadjih v. Evenflo Co.*, 579 F. App'x 649, 650 (10th Cir. 2014) (the plaintiffs contended an infant was injured by a car seat **and** its warnings). Here, that is not the case. The Court need look no further than Plaintiff's statement of facts—missing therefrom is any showing that the Corolla's seats, seatbelts, or structures caused I.R.A. any injury. *See* Resp. at 6-10. Plaintiff cites *Recker v. C.R. Bard, Inc.,* 491 F. Supp. 3d 1029 (W.D. Okla. 2020), for the proposition that a faultlessly designed product can still expose a manufacturer to failure to warn liability. That statement of law has nothing to do with Toyota's Motion because Toyota has not sought judgment on Plaintiff's allegation of defect. Toyota has, however, sought judgment on direct causation, and *Recker* confirms that "a plaintiff must show **both** that the product caused the injury and that the manufacturer breached a duty to warn of potential dangers." *Id.* at 1033 (emphasis added).

Plaintiff suggests that the Corolla's manual is the product, and because she has introduced evidence that the manual caused injury, her claim should survive. But Plaintiff cites no caselaw to support this theory or explain how it could be a fair statement of law considering *Tortorelli*. And "the manual is the product" can't be the law because a manual

3

cannot directly cause any injury other than a paper cut. Any injury caused by Toyota's alleged failure to warn must be proximate. And as shown in the Motion and not controverted by Plaintiff, her strict liability claim requires proof of direct causation.

It isn't Toyota's position that a vehicle manufacturer "escapes its warning duty whenever the sheet metal does it job." Resp. at 11. Rather, a vehicle manufacturer is not strictly liable when the only evidence against it is that its lack of warning caused injury.

C. Oklahoma's Read-and-Heed Presumption is Inapposite to the Motion

Again, Plaintiff cites case law supporting a general proposition, this time about the rebuttable presumption that can arise in a failure to warn case. And again, such case law is irrelevant to the relief Toyota seeks, as Toyota did not move for judgment in its favor on proximate cause.[2] Plaintiff also, again, cites cases that support Toyota's position. The court in *AlNahhas v. Robert Bosch Tool Corporation* articulated the very law upon which Toyota relies in its Motion: "[A] plaintiff must establish both cause-in-fact (that the product in question caused the injury) and proximate cause (that the manufacturer of the product breached a duty to warn of possible detrimental effects)." 706 F. App'x 920, 937 (10th Cir. 2017). Accepting as true that the rebuttal presumption applies here (Toyota does not admit that it does) does not negate Plaintiff's burden to prove that the Corolla was the cause-in-fact of her injury. She has not done so.

---

[2] Should Plaintiff's claims survive this Motion, Toyota will present evidence at trial to rebut the presumption, including that Plaintiff did not heed instructions in the Corolla about tether use, did not heed the advice of her pediatrician regarding forward-facing positioning, and turned the Graco Seat forward in October 2023, six months before the Subject Crash and five months before she purchased the Corolla.

D. <u>Concurrent Causation is Inapposite to the Motion</u>

Plaintiff asserts that there can be two causes of an injury, and so even if the "Graco harness delivered the killing forces," Toyota's lack of warning can still result in strict liability. Resp. at 14. But Plaintiff collapses her claim's causation requirements with this argument. And, that strict liability jurisprudence allows for more than one direct cause does not relieve her of her burden to prove that the Corolla was one of those causes.

Plaintiff argues that Toyota was a concurrent, proximate cause of I.R.A.'s injuries, focusing entirely on the warnings in the Corolla manual and in other Toyota resources. Resp. at 14-16. But as with her other arguments in her Response, Plaintiff ignores that to state a strict liability claim for failure to warn, she "must establish both that injury was caused by the product and by a failure to warn[.]." *Tortorelli,* 2010 OK CIV APP 105, ¶ 17.

Plaintiff then argues that the Fifth Circuit case of *Reese v. Mercury Marine Division of Brunswick Corporation* "disposes of Toyota's Graco-delivered-the-forces theory." Resp. at 16. In *Reese,* the decedent was killed when a boat powered by a Mercury motor flipped. 793 F.2d 1416, 1419 (5th Cir. 1986). The decedent's estate sued Mercury, alleging that the motor was unreasonably dangerous because it was not accompanied by warnings informing users of the availability of a kill switch. *Id.* At trial, Mercury attempted to introduce evidence that the dealer should have issued a warning about the kill switch to show a "break in the causal chain between Mercury's failure to warn and [the decedent's] accident." *Id.* at 1421. The trial court excluded the evidence and the Fifth Circuit affirmed because "[w]here both a product manufacturer and a third-party owe independent duties to warn

consumers regarding a product 'defect,' the third party's failure to warn is not a defense to the manufacturer's failure to warn." *Id.* at 1420.

This case is nothing like *Reese.* Toyota is not using any alleged failure to warn by Graco as a defense to break a causal chain. Toyota is not like the third-party in *Reese,* the dealer, which had an "independent dut[y]" to warn of risks associated with the product it sold. *Id.* Rather *Reese* is straightforward case in which direct causation was clear-cut—the motor killed the decedent and so his estate sued the manufacturer of the motor. Compare that to here, where Plaintiff concedes that the Corolla did not kill I.R.A. but contends that she should be able to sue Toyota for failure to warn nonetheless.

If Toyota was a concurrent direct cause of I.R.A.'s injuries, Plaintiff has to show it. She has not. Thus, the Court should grant the Motion.

E. <u>Plaintiff's Remaining Arguments Are Inapposite to the Motion</u>

Plaintiff is mistaken when she argues that she needs to "show only that the defect was a contributing factor" to I.R.A.'s injuries. Resp. at 17. She must **also** show that the Corolla was a cause-in-fact. Mot. at 14-18. The crashworthiness doctrine does not negate the cause-in-fact requirement, and Plaintiff has cited no case that says it does.

Plaintiff next argues: "the only component of the Corolla's occupant-protection system that did not perform is the Owner's Manual[.]" Resp. at 18. This admission is all the Court needs to grant judgment to Toyota. If nothing about the Corolla's airbags, seatbelts, or structures directly caused injury to I.R.A., and Plaintiff has confirmed it is so, then Toyota is not strictly liable as a matter of law. *See* Mot. at 14-18.

**II. The Court Should Enter Judgment for Toyota on Plaintiff's Negligence Claim**

A.  Even If An "Inadequate Manual is a Defective Product," Plaintiff Still Must Prove Direct Causation

Plaintiff relies on the same off-based argument for her negligence claim that she did for her strict liability claim—that she has presented evidence of a negligent manual and there should end the Court's analysis. Resp. at 19-20. But as shown in the Motion, an alleged negligent warning is not the only hurdle Plaintiff must jump for Toyota to be liable in negligence for failure to warn.  Mot. at 18.  Plaintiff cannot sue Toyota for negligence if there is no evidence that Toyota's product directly caused I.R.A. injury. The product is not "metal, manual, and all," Resp. at 19, because if it were, that would eliminate the distinction between direct and proximate causation for a claim like Plaintiff's.

B.  Oklahoma Has Not Adopted a "Half-Truth Doctrine" Applicable to this Case

Plaintiff argues that Toyota assumed a duty to warn about the use of the Graco Seat because the Corolla manual contains 25 pages of instruction concerning child safety.  Resp. at 19-20. Plaintiff contends that *McPhail v. Deere & Co.,* 529 F.3d 947 (10th Cir. 2008), established this principle. Resp. at 20.  It did not. In *McPhail,* the decedent bypass started his tractor while in neutral.  *Id.* at 949.  When he did so, the transmission engaged and ran him over.  *Id.* The tractor had an on-product warning that stated: "Start only from seat in park or neutral. Starting in gear kills." *Id.* at 950. The trial court granted summary judgment for John Deere, holding that the warning was adequate. *Id.* at 958. The Tenth Circuit reversed because there were disputed questions of material fact regarding adequacy because the warning implied "that the dangers of bypass starting might be averted by making sure that the tractor is in park or neutral." *Id.* at 959.

*McPhail* does not stand for the half-truth doctrine. It can't—it was a strict liability case and duty is not an element of a strict liability claim. Plaintiff cites no Oklahoma case holding that a manufacturer assumes a duty to warn about the use of another's product when its manual contains warnings about how to use its product (the Corolla) with another's (the Graco Seat). And *McPhail* concerned adequacy of warnings. Plaintiff's case against Toyota concerns the absence of warnings. *Compare* OUJI 12.5, "Product Defective if No Warning Given" *to* OUJI 12.6, "Adequacy of Warnings."

Toyota argues in its Motion that an essential element of negligence is duty and Toyota did not have a duty to warn Plaintiff how to use Graco's product. Mot. at 19-24. *McPhail* contains no holding contradicting that statement of law. To adopt Plaintiff's theory would create a duty for Toyota to issue warnings about a product it does not design, manufacture, assemble, distribute, sell, test, or control. That that extension of duty is not supported by Oklahoma law.

C. <u>Plaintiff Cites No Cases Showing Oklahoma Has Adopted the Voluntary Undertaking Doctrine in a Failure to Warn Case</u>

Plaintiff argues that "Oklahoma recognizes liability for the negligent performance of a voluntary undertaking." Resp. at 21. The problem: the case cited for that proposition concerns the duties a landowner owes invitees. *Bray v. St. John Health Sys., Inc.,* 2008 OK 51, 187 P.3d 721. The other case cited by Plaintiff—*Deines v. Vermeer Mfg. Co.,* 752 F. Supp. 989 (D. Kan. 1990)—is inapposite.[3]

---

[3] In *Deines,* an insurer performed inspections of its insured's product and provided advice to the insured regarding the warnings on those products. Applying Section 324A(b) of the Restatement (Second) of Torts, the Kansas court held that the insurer "undertook to perform at least in part the

Plaintiff points to the 25 pages that comprise the child safety section of the Corolla manual as evidence that Toyota voluntarily undertook a duty. But Plaintiff does not explain how Toyota's instructions about how to use the features of the Corolla to install a car seat means that Toyota is also obligated to instruct users of a car seat how to use that car seat. Not to mention that Toyota is legally required to instruct users how to utilize the features of its product to install a car seat. *See* Mot. at 22-23. Repeatedly, the Corolla's manual directs the user to the car seat manufacturer for instruction on proper use of a car seat. *See* ECF No. 66-10 at TOY-ARENA-000000636-37. Such direction does not mean Toyota undertook a duty to warn about the direction a car seat should be placed in a vehicle.

D. <u>Plaintiff's Remaining Arguments Are Nonstarters</u>

Plaintiff says *Air & Liquid Sys. Corp. v. DeVries* necessitates judgment in its favor. Not so—the case is limited to the maritime context. *See* 586 U.S. 446, 457 (2019). Additionally, the Supreme Court based its ruling on the fact that the ships at issue "required asbestos insulation or asbestos parts to function as intended." *Id.* at 446. Obviously, and Plaintiff does not contend it is so, a Corolla does not require a Graco Seat to function.

Plaintiff next argues that Toyota's compliance with FMVSS 225 is not a safe harbor for Toyota. Resp. at 23-24. Toyota has not invoked 76 O.S. § 57.2 as a defense in its Motion. Rather, Toyota argues that the federal regulations that govern Graco and those that govern

---

duties to warn and design reasonably safe products" because the insurer inspected and rendered safety advice to the manufacturer. *Id.* at 996. Here, there is no allegation that Toyota undertook any of Graco's duties. And there is no evidence that Toyota inspected the Graco Seat or provided any safety advice to Graco.

Toyota show that Graco is responsible for warning users of the Graco Seat how to use it and Toyota is responsible for warning users of the Corolla how to use it.

Plaintiff argues that it has supplied evidence that Mercedes-Benz, Genesis, Hyundai, and Kia included certain rear-facing warnings in their vehicles' manuals. Resp. at 25. And? The warnings of other vehicle manufacturers have nothing to do with Toyota's duty, and Plaintiff does not connect any dots to show that it does.

## III. The Court Should Enter Judgment for Toyota on Plaintiff's Gross Negligence Claim

Plaintiff states that she has introduced evidence of Toyota's gross negligence because Toyota was aware of the risks associated with the use of another's product, and despite that awareness, did not include a warning in its manual. As noted in the Motion, Toyota had a good reason for not including a warning subject to change in a document that must stay evergreen. *See* Mot. at 6. And Toyota's argument in its Motion is that to impose a duty on Toyota to warn about a product it does not design, manufacture, or sell, else face punishment, extends the doctrine too far. A bike manufacturer cannot have recklessly disregarded the rights of others if a bicyclist is injured because he wore his helmet backwards and the bike's manual contains no warnings about the proper use of a helmet. A cell phone manufacturer cannot have been callously indifferent if a cell phone user is injured by a cell phone cover and the cell phone's manual contains no warnings about the proper use of a cell phone cover. In the cases cited by Plaintiff to support their argument, the gap between the product and the injury was not the vast canyon it is in this case. As such, the Court should enter judgment for Toyota on Plaintiff's gross negligence claim.

Respectfully submitted,

s/ Mary Quinn Cooper
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #16928
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
katie.crane@mcafeetaft.com

Karl Viehman, Texas Bar No. 20579390
NELSON MULLINS RILEY &
SCARBOROUGH LLP
5830 Granite Park, Suite 1000
Plano, Texas 75024
Telephone: (469) 484-6100
karl.viehman@nelsonmullins.com

**Attorneys for Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc.**

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certified that on the 5th day of June, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a notice of electronic filing to the ECF registrants based on the records currently on file.

Michael Burrage
Reggie N. Whitten
Randa K. Reeves
Heather Strohmeyer
Dilan A. Lyda
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rreeves@whittenburragelaw.com
hstrohmeyer@whittenburragelaw.com
dlyda@whittenburragelaw.com

David W. Little
davidwlittle@msn.com

Jeffrey T. Embry
Christopher Peirce
Margaret C. Pennell
jeff@hossleyembry.com
matt@hossleyembry.com
meg@hossleyembry.com

***Attorneys for Plaintiffs***

Cary E. Hiltgen
J. R. "Randy" Baker
Hiltgen & Brewer PC
9505 N. Kelley Ave.
Oklahoma City OK  73131
chilgen@hbokc.law
rbaker@hbokc.law

Malerie Ma Roddy
Stephen M. Copenhaver
Rachael Anna Bryan
ArentFox Schiff LLP
223 South Wacker Drive, Suite 7100
Chicago, IL  60606

**Attorneys for Defendant**
**Graco Children's Products, Inc.**

<u>*s/ Mary Quinn Cooper*</u>
Mary Quinn Copper